UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10698-RGS

LAURENCE M. ADAMS

v.

CITY OF BOSTON

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO BIFURCATE

September 9, 2008

STEARNS, D.J.

In this case, the City of Boston (City) seeks to bifurcate discovery and trial of plaintiff Laurence Adams's claims of violation of his constitutional rights by Boston police officers from his claims against the City itself. The officers are alleged to have withheld exculpatory evidence at Adams's trial, which Adams claims led to his wrongful conviction for first degree murder. Adams opposes the motion, maintaining that as only the City is presently named as a defendant on a theory of municipal liability,[1] see Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978), bifurcation is not appropriate.[2]

---

[1] The individual officers who are accused wrongdoing have since died or retired from the Boston police force.

[2] Adams's Opposition takes the position that the finding of the Superior Court that certain officers withheld exculpatory evidence is final and unappealed, the City is foreclosed from arguing the issue of liability under 42 U.S.C. § 1983. See Johnson v. Mahoney, 424 F.3d 83, 93 (1st Cir. 2005) ("It is well-established that the doctrine of collateral estoppel applies in civil rights actions brought pursuant to 42 U.S.C. § 1983."). That may be (although this is not the appropriate occasion to so decide), but it does not answer the question of causation, which is also an element of a successful § 1983 action. See Malley v. Briggs, 475 U.S. 335, 344 n.7 (1986) (emphasizing the influence of common-law tort principles on the prosecution of § 1983 cases). See also Wray v. City of New York, 490 F.3d 189, 193 (2d Cir. 2007) (officer's violation of defendant's due process rights in conducting a suggestive showup leading to a defendant's wrongful conviction could not

A municipality may be held liable for monetary damages or injunctive relief only if its unconstitutional policies "cause" a constitutional injury. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993). Consequently, the doctrine of *respondeat superior* and vicarious liability have no place in a § 1983 municipal action – a municipality cannot be held liable simply because it employs a tortfeasor. Collins v. Harker Heights, 503 U.S. 115, 122 (1992); City of Canton v. Harris, 489 U.S. 378, 392 (1989). Cf. Hernandez v. Sheahan, 455 F.3d 772, 774 (7th Cir. 2006) ("[U]nits of government can be liable under § 1983 only for unconstitutional policies, as opposed to errors in the implementation of valid policies"). Thus, where no liability is found on the part of an individual officer-tortfeasor, there can be no finding of municipal liability under Monell. See Los Angeles v. Heller, 475 U.S. 796, 798-99 (1986) (per curiam).

Bifurcation is the usual course in civil rights actions like this one, although a plaintiff is, of course, free to proceed against a municipality directly without naming the individual officers as defendants. The practice and policies underlying bifurcation were explained at some length by the Court in Wilson v. Town of Mendon, 294 F.3d 1 (1st Cir. 2002), and bears repetition.

> As previously noted, Magistrate Swartwood had bifurcated the individual claims against the defendant officers from Wilson's claims against the municipal defendants. In this regard, the court was treading a familiar path. Without a finding of a constitutional violation on the part of a municipal employee, there cannot be a finding of section 1983 damages liability on the part of the municipality. Heller, 475 U.S. at 798-99, 106 S.Ct. 1571. Thus, a defendant's verdict in a bifurcated trial forecloses any further action against

---

sustain § 1983 liability in the light of the superseding acts of the prosecutor and judge in offering and admitting the evidence at trial). Causation in a § 1983 action is an issue ordinarily requiring adjudication by the finder of fact. Higazy v. Templeton, 505 F.3d 161, 175 (2d Cir. 2007).

the municipality, resulting in less expense for the litigants, and a lighter burden on the court. ON the other hand, a verdict against the municipal employee will almost always result in satisfaction of the judgment by the municipality because of the indemnification provisions typically found in bargaining agreements between municipalities and their employee unions.

There is, however, nothing to prevent a plaintiff from foregoing the naming of an individual officer as a defendant and proceeding directly to trial against the municipality. Something of the sort happened in Beck v. City of Pittsburgh, 89 F.3d 966, 967 (3d Cir. 1996), where, after bifurcation, the plaintiff's phase one case against the defendant officer ended in a mistrial. Plaintiff then dismissed the case against the officer, and was permitted to proceed against the city on the claim that it had tolerated a custom and policy of condoning the use of excessive force by its officers, among them the original defendant.

The added expense aside, the reasons that plaintiffs almost never choose to proceed against the municipality directly are self-evident. The predicate burden of proving a constitutional harm on the part of a municipal employee remains an element of the case regardless of the route chosen and is much easier to flesh out when the tortfeasor is a party amenable to the full powers of discovery. The burden of placing that harm in the context of a causative municipal custom and policy is significantly more onerous than the task of simply proving that an actionable wrong occurred. And finally, an abstract entity like a municipality may present a much less compelling face to a jury than a flesh and blood defendant.

Id. at 7-8 (footnotes omitted).

### ORDER

For the reasons set out in Town of Mendon, the court will ALLOW the City of Boston's motion to bifurcate on condition that the City file with the court within fourteen (14) days a declaration that it will satisfy a judgment returned against one or more of its officers for violation of Adams's constitutional rights, should such be proven at trial.

                                                        SO ORDERED.

                                                        /s/ Richard G. Stearns

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE