UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURENCE M. ADAMS,<br>    Plaintiff,<br>V.<br>CITY OF BOSTON.<br>    Defendants. | )<br>)<br>)<br>) NO: 07-CV-10698 RGS<br>)<br>)<br>)<br>) |

**MOTION FOR CLARIFICATION OR RECONSIDERATION OF
MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO BIFURCATE
DATED SEPTEMBER 9, 2008 (DOCUMENT NO: 34)**

The plaintiff, Laurence M. Adams, moves for clarification or reconsideration of this Court's Memorandum and Order on Defendant's Motion to Bifurcate, dated September 9, 2008, (Document No: 34), and in support hereof states as follows:

1. This Court entered an Order allowing the motion of the Defendant, City of Boston (City) to bifurcate, subject to certain conditions. In that Memorandum this Court notes that City is the only defendant and that no police officers or other individuals are named as party defendants. This motion seeks to clarify the concluding sentence of the Order to make it clear that bifurcated proceedings would not require the plaintiff to obtain a "judgment" against individual defendants who are not parties, but instead to "establish" that such individuals who are not named defendants violated his civil rights.

2. This Court cited and relied upon *Wilson v. Town of Mendon*, 294 F.3d 1, 7-8 (1st Cir. 2002), and quoted, *inter alia*,

1

the portion of that decision stating "[t]here is, however, nothing to prevent a plaintiff from foregoing the naming of an individual officer as a defendant and proceedings directly to trial against the municipality." Unlike the *Wilson* case, where the First Circuit found that a plaintiff made a tactical choice not to proceed against a particular police officer in the course of trial proceedings, in this case the plaintiff's cause of action under 42 U.S.C. Sec. 1983, did not accrue until his state court conviction was overturned, after more than thirty years of incarceration. By that time the police officers who were principally involved in the investigation were deceased and they were not viable defendants.

3.  In opposing the motion for bifurcation the plaintiff pointed out that if there were a bifurcated trial, it could not first proceed to a "judgment" against the individual officers, because individual officers are not named as defendants. This case therefore does not lend itself to having a trial against the individuals to be followed, if necessary, by a trial against the municipality. Here there may not be two separate "trials" but there could be two sets of evidentiary proceedings, however, the first may not technically conclude in a "judgment" but rather in a preliminary evidentiary determination.

4.  In the final sentence of the Memorandum and Order this Court states that the Court will allow the motion to bifurcate "on condition that the City file with the court within fourteen (14) days a declaration that it will satisfy a *judgment returned against one or more of its officers* for violation of Adam's constitutional

rights, should such be proven at trial." (emphasis added). The plaintiff assumes that the Court's language was not intended to require an technical "judgment" "against" such an individual or such individuals, since such individuals are not named as defendants, but instead a "determination" that such officer or officers violated the constitutional rights of Mr. Adams. While such a conclusion would be consistent with the content of this Court's Order as a whole, this motion for clarification is filed to avoid any confusion on this point.

5. The plaintiff therefore requests that the concluding sentence of the Order be modified to clarify this point. As an example, the last sentence could be modified to provide that the motion to bifurcate shall only be allowed "on condition that the City file with the court within fourteen (14) days a declaration that it will satisfy a judgment returned against one or more of its officers *or employees, and for purposes of this Order the term "judgment" shall include not only a "judgment" in the technical sense, but also a factual determination that may be rendered on special questions or otherwise concluding that Adams's constitutional rights were violated, should such be proven at trial, or in other evidentiary proceedings.*"

6. The plaintiff respectfully submits that it would be in the interests of justice to allow this motion and to amend the prior order with such language as this Court may determine to be appropriate in order to avoid any misunderstanding.

>Submitted by the plaintiff
>Laurence M. Adams, by his
>attorney,
>
>/s/
>
>John J. Barter
>Attorney at Law
>(B.B.O. No: 032150)
>Third Floor
>83 Atlantic Avenue
>Boston, MA 02110
>(617) 367-2545

## CERTIFICATE OF SERVICE

A copy of the above document was served electronically upon counsel of record, as follows:

Hugh R. Curran, Esq.
Bletzer & Bletzer, PC
300 Market Street
Brighton, MA 02135
(617) 254-5522
hcurran@bletzerlaw.com

Signed under the penalties of perjury this 18th day of September, 2008.

>/s/
>John J. Barter
>Attorney at Law

Dated:    September 18, 2008